# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-40653
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
June 8, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

versus

HER ONAN CIENFUEGOS-RIVAS,

Defendant–Appellant.

Appeal from the United States District Court
for the Southern District of Texas
No. 1:19-CR-319-1

Before DAVIS, SMITH, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Her Onan Cienfuegos-Rivas appeals his conviction of violating 8 U.S.C. § 1326(a)-(b)(1) by being found unlawfully in the United States after deportation. For the following reasons, the judgment is affirmed.

---

[*] Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 19-40653

Cienfuegos-Rivas asserts that the district court violated the hearsay prohibition and *Miranda v. Arizona*, 384 U.S. 436, 444 (1966), by admitting testimony relating his statements during a field interview regarding his entry into, and experiences in, the United States. Even if it is assumed *arguendo* that the court abused its discretion in admitting the challenged evidence, there was no reversible error because Cienfuegos-Rivas's substantial rights were not thereby affected. *See United States v. Clark*, 577 F.3d 273, 287 (5th Cir. 2009). Though the testimony in question showed that Cienfuegos-Rivas "enter[ed]" the United States, his undisputed presence in the country was itself sufficient to make the alternative showing that he was "found in" the United States. *See* § 1326(a)(2). And to the extent that the disputed testimony supported the element of intent, the general-intent requirement was independently satisfied by undisputed evidence that Cienfuegos-Rivas had been previously deported and was subsequently found in the United States without consent. *See United States v. Berrios-Centeno*, 250 F.3d 294, 298−99 (5th Cir. 2001). Accordingly, the admission of the challenged evidence was, at most, harmless error. *See United States v. Nguyen*, 504 F.3d 561, 573 (5th Cir. 2007).

Cienfuegos-Rivas asserts—for the first time on appeal—that the district court violated 18 U.S.C. § 3501 by failing to inquire properly as to the voluntariness of his inculpatory oral statements made during the field interview. Despite that the continued validity of the § 3501(a) hearing requirement is questionable, we have held that a trial court must conduct a hearing *sua sponte* if the evidence clearly reflects a question as to the voluntariness of a confession. *See United States v. Guanespen-Portillo*, 514 F.3d 393, 400−02 & n.3. (5th Cir. 2008). Given that the district court in fact held a mid-trial hearing before finally denying Cienfuegos-Rivas's *Miranda* challenge, the court committed no clear error in this regard. *See id.* at 402 (setting forth plain error standard of

review applicable to forfeited errors).   Moreover, there was no effect on Cienfuegos-Rivas's substantial rights, and thus no reversible plain error, because, as explained above, his admissions during the field interview were not necessary to support the conviction.  *See id.*; *Nguyen*, 504 F.3d at 573.

Cienfuegos-Rivas renews his assertion from the district court that, with respect to the evidence obtained from the field interview, the government failed to comply with the pretrial disclosure requirements in Federal Rule of Criminal Procedure 16.  Even if it is assumed *arguendo* that the government did not fully comply with Rule 16, Cienfuegos-Rivas has not shown the resulting prejudice necessary for relief.  *See United States v. Yanez Sosa*, 513 F.3d 194, 203 n.4 (5th Cir. 2008).  Because, as explained above, the admission of testimony relating to Cienfuegos-Rivas's statements during the field interview did not affect his substantial rights, any lack of disclosure regarding those statements was likewise harmless.  *See id.*

Cienfuegos-Rivas complains, in a single-paragraph issue, that the district court allowed the government to make impermissible arguments in its opening and closing statements relating to the *mens rea* element for illegal reentry and his right to remain silent.  But by wholly neglecting to identify any legal authorities supporting his arguments and to address the applicable standard of review, Cienfuegos-Rivas has failed to brief this issue adequately and has thereby abandoned it.  *See* FED. R. APP. P. 28(a)(8); *Yohey v. Collins*, 985 F.2d 222, 224–25 (5th Cir. 1993).  Finally, Cienfuegos-Rivas has failed to show that this case presents a rare instance in which the trial was so fatally infected by cumulative non-reversible errors as to be fundamentally unfair. *See United States v. Delgado*, 672 F.3d 320, 344 (5th Cir. 2012) (en banc).

AFFIRMED.